UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00522-FDW-DSC

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

JUSTIN BLAKE BARRETT and GRAYSON BROOKSHIRE,

    Defendants.

FINAL JUDGMENT

**FINAL JUDGMENT AS TO DEFENDANT JUSTIN BLAKE BARRETT**

The Securities and Exchange Commission having filed a Complaint and Defendant Justin Blake Barrett ("Barrett" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX), waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Barrett is permanently restrained and enjoined from violating, directly or indirectly, Section lO(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule lOb-5 promulgated thereunder [17 C.F.R. § 240.lOb-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

1

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or transmitting, either orally or in writing, any false or misleading statement in any communication to any investor or prospective investor, about: any investment in, trading in, or offering of securities; the prospects for success of any product or company; the use of investor funds; the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or the registration status of such offering or of such securities.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Barrett is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or transmitting, either orally or in writing, any false or misleading statement in any communication to any investor or prospective investor, about: any investment in, trading in, or offering of securities; the prospects for success of any product or company; the use of investor funds; the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or the registration status of such offering or of such securities.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Barrett is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any

        (c)    means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

        (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Barrett is permanently restrained and enjoined from directly or indirectly, including through any entity he owns or controls, participating in the marketing, offer, or sale of securities over the Internet or via email or other forms of electronic communication; provided, however, that such injunction shall not prohibit Barrett from offering or selling securities for his own personal account;

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs I through IV also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Barrett's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Barrett or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Barrett is jointly and severally liable with Defendant Grayson Brookshire for combined disgorgement of $481,099, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $29,309, for a combined total of $510,408.

Barrett shall satisfy this obligation by paying installments according to the following schedule: (1) $170,000 within fourteen days of entry of this Final Judgment; (2) the balance of $340,408, within twelve months of the entry of the Final Judgment. Barrett's payment obligations will be reduced, on a dollar-for-dollar basis, by any payments made by Defendant Grayson Brookshire. Additionally, because the Commodity Futures Trading Commission ("CFTC") in another proceeding also seeks disgorgement against Barrett for the same conduct at issue in the Complaint (but based on violations of laws and rules enforced by the CFTC), any disgorgement or interest on disgorgement that Barrett has paid or does pay to the CFTC as a result of that proceeding shall, a dollar-for-dollar basis, reduce his disgorgement or interest obligations in this case.

Barrett may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. He may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "Justin Blake Barrett" as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Barrett shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this case. By making payments, Barrett relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Barrett shall contact the staff of the Commission for the amount due for the final payment.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

If Barrett fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court. Barrett shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission may enforce this Final Judgment for disgorgement and all forms of

interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time following the failure to timely satisfy this Final Judgment.

VII.

IT IS HEREBY FURTHERED ORDERED, ADJUDGED, AND DECREED that based on Barrett's cooperation in a Commission investigation and related enforcement action, the Court is not ordering Barrett to pay a civil penalty. If at any time following the entry of the Final Judgement the Commission obtains information indicating that Barrett knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to him, petition the Court for an order requiring him to pay a civil penalty. In connection with any such petition and at any hearing held on such a motion: (a) Barrett will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) he may not challenge the validity of the Judgment, Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Barrett shall comply with all the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Barrett, and further, if any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by him under the Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by him of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall remain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Signed: December 17, 2018

Frank D. Whitney
Chief United States District Judge